**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELIZABETH PETER, *et al.*,

        Plaintiff,

v.

TAVISTOCK AT MAYS LANDING HOMEOWNERS' ASSOCIATION, INC.; *et al.*,

        Defendants.

Civil Action No. 3:24-cv-758-MAS-TJB

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon six different motions to dismiss filed by fifteen different defendants (collectively, the "Defendants").[1] All of the Defendants' motions seek to dismiss Plaintiffs Elizabeth Peter ("E. Peter") and Anina Peter's Complaint in its entirety as to each individual Defendant (ECF No. 1). (*See* ECF Nos. 13, 14, 15, 16, 17, and 19.) Plaintiffs opposed the motions to dismiss collectively (ECF No. 20), and the Ansell Defendants and State Judicial Defendants opposed (ECF Nos. 21, 24). After considering the parties' submissions, the

---

[1] All Defendants so far served in this matter move to dismiss. These Defendants include (1) Defendants Eric Mann, Esq., Maxwell L. Billek, Esq., Michael P. Chipko, Esq., and Wilson Elser Moskowitz, Edelman & Dicker, LLP (collectively, the "Wilson Elser Defendants") (ECF No. 13); (2) Dennis Bartal and Christopher Stanchina, Esq. (ECF No. 14); (3) the New Jersey Bar Association ("NJBA") (ECF No. 15); (4) Tavistock at Mays Landing Homeowners Association, Inc. (the "Association"), Karen Bartal, and Jennifer M. Kurtz, Esq. (collectively, the "Association Defendants") (ECF No. 16); (5) Nicole D. Miller, Esq. and Ansell Grimm & Aaron, P.C. (collectively, the "Ansell Defendants") (ECF No. 17); and (6) the State of New Jersey (the "State"), the Honorable Dean R. Marcolongo, J.S.C., and the Honorable Sarah B. Johnson, J.S.C. (the "State Judicial Defendants") (ECF No. 19).

Court decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety as to all Defendants.

As an initial matter, "[i]n deciding a motion to dismiss, a court must 'accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff.'" *Bey v. DaimlerChrysler Servs. of N. Am., LLC*, No. 04-6186, 2005 WL 1630855, at *3 (D.N.J. July 8, 2005) (quoting *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The Court must "liberally constru[e] pro se submissions" as there is an "obligation . . . to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). Although allowances for pro se litigants are made, their complaints still must allege sufficient factual information to support their claims in order to survive a motion to dismiss. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, Plaintiffs are proceeding pro se so the Court construes their pleadings liberally. Even so, Plaintiffs fail to state cognizable claims and Plaintiffs' Complaint is dismissed with prejudice.

In bringing this action, Plaintiffs allege three federal claims: (1) a claim for Violation of the Foreign Agent Registration Act of 1938 ("FARA"); (2) a claim for Violation of the Administrative Procedures Act (the "APA") of 1946; and (3) a claim for Violation of the Fair Debt Collection Practices Act (the "FDCPA"). (Compl. 13, ECF No. 1.) As these claims are all federal in nature, Plaintiffs invoke this Court's federal question jurisdiction. 28 U.S.C. §1331.

Each federal claim Plaintiffs allege, however, lacks supporting allegations to cognizably state a claim for relief. The first two claims can be disposed of quickly. First, Plaintiffs allege that

"Defendant [A]ttorneys[2] are [f]oreign [a]gents attacking [s]tate [c]itizens without a [FARA] registration statement filed with the [n]ational Attorney General's office in violation of [t]he Federal Law." (*Id.*) Putting aside the conclusory nature of this claim, Plaintiffs do not plausibly allege that any of the Defendants have a connection to any foreign principal, let alone operated as an agent for one. 22 U.S.C. § 611 (defining "agent of a foreign principal" as, in part, "any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal"); *Meese v. Keene*, 481 U.S. 465, 469-70 (1987) (noting that FARA "requires all agents of foreign principals to file detailed registration statements," a rule that Plaintiffs appear to try and implicate in bringing this FARA claim). As such, the Court need not spend any more time on this claim and it is dismissed against all Defendants.

Second, Plaintiffs bring a claim under the APA. *See* 5 U.S.C. § 701. This claim is facially impossible against any Defendant in this action because none of the Defendants are agencies and there is no alleged agency action. 5 U.S.C. § 702 (setting forth that the APA only intends to give persons suffering "legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" a right of legal review). As such, the APA claim is dismissed in its entirety against all Defendants.[3]

---

[2] "Defendant Attorneys" appears to refer to "Eric Mann, Jennifer Kurtz, Nicole Miller, Michael Chipko, Maxwell Billek, and Christopher Stanchina." (Compl. 4, 5.)

[3] The closest Plaintiffs come to identifying an "agency" is mentioning the "State of New Jersey, Inc." (Compl. 6.) The mere mention of the State as a Defendant, however, is the only factual allegation related to the State in the entire Complaint. There is no mention of any specific regulatory action by the state, let alone any action by a state agency. (*See generally id.*)

Third, and finally, the Court is left with Plaintiffs' FDCPA claim. Plaintifffs identify 15 U.S.C. § 1692 as the provision Defendants violate, and claims false misrepresentation during the collection of a debt. (Compl. 7.) Plaintiffs specify that their FDCPA claim is only applicable to Defendant Attorneys, and as such, the Court only considers Plaintiffs' FDCPA allegations in relation to them. (*Id.*).[4]

For the six identified Defendant Attorneys, to adequately plead a claim under Section 1692, Plaintiffs must adequately allege:

> (1) [they are] a "consumer" who is harmed by violations of the FDCPA; (2) the "debt" arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a "debt collector"; and (4) the defendant has violated, by act or omission, a provision of the FDCPA.

*Levine v. Fin. Freedom*, No. 18-4177, 2018 WL 6492872, at *3 (D.N.J. Dec. 10, 2018) (citations omitted). Plaintiffs allege that they are consumers and that the "alleged 'debt' [is] an unlawful foreclosure attempt" being "perpetrated in [s]tate [c]ourt against" Plaintiffs.[5] (Compl. 7.) Plaintiffs then generally allege the Defendant Attorneys are debt collectors before specifically alleging that the violation of the FDCPA here is that Defendant Attorneys made "false misrepresentation[s] while collecting a debt as noted by the attorneys' signatures on the petition." (*Id.*) While it is unclear what Plaintiffs mean by "as noted by the attorneys' signatures on the petition," it appears Plaintiffs intend to allege that the Association is "an invisible entity" whom Defendants seek to

---

[4] As such, the remaining Defendants are not subject to the FDCPA allegations, and therefore, the FDCPA claim is dismissed against them.

[5] A foreclosure attempt is not a debt, it is a collection action resulting from a debt. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 84 (2d Cir. 2018) (finding that mortgage foreclosures, if anything, can be considered debt collections). As such, the Court construes Plaintiffs as contending that there is an underlying debt that has led to foreclosure and that Defendant Attorneys' actions in furtherance of this foreclosure constitute violations of the FDCPA.

collect a debt on behalf of "without a signed contract." (Compl. 5 (accusing Defendants generally of "illegally acting as 'Third Party Debt Collectors' pretending to be collecting on behalf of a third party invisible 'non-profit' entity . . . [the Association").) This is where the Court loses the ability to construe Plaintiffs' FDCPA allegations into a cognizable claim.

Perplexingly, Plaintiffs appear to acknowledge a debt through a foreclosure, but then also appear to deny that a debt exists where they allege no contract exists between them and the Association, an invisible entity who seeks to collect a "debt" through the Defendant Attorneys. (*See id.* (accusing Defendant Attorneys of "pretending to be collecting on behalf of a third party invisible 'non profit' entity such as [the Association]"); *id.* at 7 (claiming that "Defendant Attorneys are attempting to collect a debt acting on behalf of an invisible entity, [the Association], who is ALSO a 'third party debt collector' without a signed contract with Plaintiffs"). This confusion, however, is of no moment because no matter how this Court construes Plaintiffs' allegations, they fail to state a cognizable claim under the FDCPA. Specifically, Plaintiffs' allegations fail where either: (1) there is valid debt underlying the foreclosure but no clear allegations of misleading conduct by Defendants where they are only vaguely accused of representing "an invisible entity;" or (2) Plaintiffs' allegations of a debt being collected on a non-existent contract would necessarily fall outside of the FDCPA because to argue as much would functionally be contending that there is no debt at all because there is no contract upon which the Defendant Attorneys seek to collect. Either way, there is no cognizable claim under the FDCPA, and Plaintiffs' FDCPA claim is dismissed in its entirety against all Defendants.

Finally, this is not E. Peter's first attempt at bringing claims against the Association and others. To be clear, this Court previously warned E. Peter "that further frivolous prosecution of this action may require E. Peter to show cause as to why the Court should not preclude her from

future filings." *Peter v. New Jersey*, No. 23-2477, 2024 WL 303172, at *5 (D.N.J. Jan. 26, 2024). Because the Court was clear with E. Peter that continued frivolous filing would not be tolerated, an amendment here would be futile, and the Court will dismiss the Complaint with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that court has discretion to dismiss claims with prejudice when finding amendment would be futile). This Memorandum Order constitutes a final warning that any future frivolous filings related to the same transaction and occurrence set forth in Plaintiffs' current Complaint may lead to sanctions.

For the reasons set forth in this Memorandum Order,

**IT IS** on this 24th day of October 2024, **ORDERED** as follows:

1. Defendants' motions to dismiss (ECF Nos. 13, 14, 15, 16, 17, and 18) are **GRANTED**.

2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk's Office is directed to close this case.

_____<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**